UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK GREGORY WUDZINSKI,

                Plaintiff,

      v.                          Case No. 15-11062

COMMISSIONER OF SOCIAL       HON. TERRENCE G. BERG
SECURITY,                     HON. ANTHONY P. PATTI
                Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND
ADOPTING REPORT AND RECOMMENDATION**

      In this appeal of the Administrative Law Judge's finding that Plaintiff was ineligible for disability Social Security benefits, Magistrate Judge Anthony P. Patti issued a Report and Recommendation on July 29, 2016 (Dkt. 17) recommending that Plaintiff's motion for summary judgment be denied (Dkt. 12), Defendant's motion for summary judgment be granted (Dkt. 14) and the Commissioner's findings and conclusions be affirmed.

      Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed a timely objection (Dkt. 18) and Defendant filed a response. (Dkt. 19) A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. 28 U.S.C. § 636(b)(1).

The Court has reviewed Judge Patti's Report and Recommendation and Plaintiff's objection that the Magistrate Judge erred in affirming the Administrative Law Judge's (ALJ) decision to discount the opinion of Plaintiff's treating physician, Dr. White. (Dkt. 18)  For the reasons set forth below, Plaintiff's objection is **OVERRULED** and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court.  Consequently, the findings and conclusions of the Commissioner are **AFFIRMED**.

Because neither party objects to Judge Patti's factual findings or procedural history (Dkt. 17 at 2-9), the Court turns directly to a discussion of the law applicable to Plaintiff's objection, followed by an application of that law to the relevant facts.

**A.**    **Applicable Law**

    **1.**    **Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

2

### 2.      The Treating Physician Rule

In assessing the medical evidence supplied in support of a disability claim, an ALJ must adhere to certain governing standards, including the treating physician rule. SSR 96–2p, 1996 WL 374188 (July 2, 1996); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," an ALJ must give their opinions controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544.  In explaining the weight they assign a treating physician's opinion, an ALJ must give "good reasons," or explanations "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5.

Where a treating physician's opinion is (1) not supported by the objective medical evidence and (2) the bases for the opinion are unclear, the ALJ has an obligation to make every reasonable effort to re-contact the treating physician to clarify her opinion. SSR 96-2p, 1996 WL 374188, at *6; *see* also *Ferguson v. Comm'r of Soc. Sec.* 628 F. 3d 269, 272-74 (6th Cir. 2010).

### B.      Discussion

In accordance with the legal standards discussed above, Plaintiff's objection is overruled for the reasons stated below.

### 1. The ALJ Properly Discounted Dr. White's Opinion

Plaintiff claims that the ALJ improperly discounted Dr. White's opinion because it was not "weighed or discussed at all, just dismissed as vague." (Dkt. 18 at 2). In fact, the ALJ summarized Dr. White's opinion and explained his reasons for giving it limited weight.  Specifically, the ALJ stated:

> Given that [Dr. White's] opinion is not well supported by either the objective or other substantial evidence of record relative to exertional limitations, I ascribe it limited weight. Notably, muscle strength at the right wrist was not significantly impaired on January 4, 2008, when it was measured at 4/5 (citations omitted).  In addition the claimant voiced no pain complaints as of May 9, 2008 (citations omitted).  I find that Dr. White's opinion is otherwise vague, and it does not meet the criteria of SSR 96-8p as a function-by-function analysis of the claimant's limitations.

(Dkt. 10-2 at 22-23) The ALJ explained that Dr. White's opinion was not well supported, and indeed contradicted, by substantial relevant evidence in the record. (*Id.* at 22) The description of Dr. White's opinion as "otherwise vague" was secondary to this evidentiary concern. (*Id.* at 23). As Judge Patti correctly concluded (Dkt. 17 at 24-26), the ALJ's decision to discount Dr. White's opinion was stated clearly, supported by substantial evidence and sufficiently explained.

### 2. Plaintiff's Re-Contact Argument is Procedurally Barred and Meritless

Plaintiff also argues, for the first time, that the ALJ failed to comply with the treating physician rule because he discounted Dr. White's opinion for vagueness without first re-contacting him for clarification. (Dkt. 18 at 2) This argument is both procedurally barred and meritless. In the Sixth Circuit, it is impermissible to raise an argument for the first time in an objection to a magistrate's Report and

4

Recommendation. *See Murr v. United States* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Swain v. Comm'r of Soc. Sec.,* 379 F. App'x 512, 517-18 (6th Cir. 2010). Plaintiff's argument is thus procedurally barred. Notwithstanding this procedural barrier, Plaintiff's argument fails because the conditions necessary to trigger the ALJ's re-contact obligation were not met. That is, while the ALJ found that Dr. White's opinion was not well supported by the evidence, the ALJ did not find that the bases for Dr. White's opinion were unclear. (Dkt. 10-2 at 22-23) Although the ALJ described Dr. White's opinion as "otherwise vague," there was no need to re-contact the physician because the evidence Dr. White's opinion relied on was apparent and, in light of the other record evidence, sufficient to allow the ALJ to make a determination as to Plaintiff's disability status.

In sum, the ALJ properly discounted Dr. White's opinion and Plaintiff's argument that the ALJ had a duty to re-contact Dr. White is procedurally barred and meritless. Plaintiff's objection is therefore overruled.

**CONCLUSION**

For the reasons set forth above,

It is hereby **ORDERED** that Plaintiff's Objection is **OVERRULED** and Magistrate Judge Patti's Report and Recommendation of July 29, 2016 (Dkt. 17) is **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. 12) is **DENIED** and Defendant's motion for summary judgment (Dkt. 14) is **GRANTED**.

5

It is **FURTHER ORDERE**D that the findings and conclusions of the Commissioner are **AFFIRMED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 6, 2016, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager